UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                         Case No. 8:14-cv-2351-T-36AEP

JOHN DOE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the John Doe Defendant's ("Defendant") Motion to Quash or Modify Subpoena and Motion to Dismiss (Doc. 10) and Plaintiff's response in opposition thereto (Doc. 11). By the motion, Defendant seeks to quash the subpoena issued by Plaintiff to Defendant's internet service provider ("ISP") and to dismiss this action. Plaintiff opposes the motion, arguing that Defendant failed to establish a legally cognizable rationale for quashing the subpoena or dismissing the action. For the reasons that follow, it is recommended that Defendant's Motion to Quash or Modify Subpoena and Motion to Dismiss (Doc. 10) be denied.[1]

    **I.**     **Background**

Plaintiff brought this action alleging direct copyright infringement against Defendant for unlawfully reproducing and distributing motion pictures, for which Plaintiff holds the copyright, on the peer-to-peer file-sharing network known as BitTorrent (Doc. 1). Through an investigation

---

[1] The instant motion is referred to the undersigned for issuance of a report and recommendation. *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

conducted by IPP International UG, Plaintiff identified Defendant by his or her Internet Protocol ("IP") address (Doc. 7, Ex. C). To determine Defendant's true identity through the IP address, Plaintiff filed a motion seeking leave to file a third-party subpoena, directed to Defendant's ISP, prior to a Federal Rule of Civil Procedure 26(f) conference (Doc. 7), which the Court granted (Doc. 9). Shortly thereafter, Defendant filed the instant motion seeking to quash the subpoena served upon Defendant's ISP and to dismiss Plaintiff's complaint (Doc. 10). Essentially, Defendant contends that he or she did not receive "any detail of the accusation justifying the subpoena," which resulted in an objective limitation of Defendant in his or her ability to defend this action and that Plaintiff filed this action to embarrass or harass Defendant and that Plaintiff has no interest in actually litigating the case. Plaintiff responded in opposition, arguing that Defendant failed to articulate a valid reason to quash the subpoena under Federal Rule of Civil Procedure 45 or to dismiss the action (Doc. 11).

**II.     Discussion**

    **A.     Motion to Dismiss**

For the reasons outlined above, Defendant contends that dismissal is warranted because the "lawsuit raises serious questions of individual fairness and individual justice" (Doc. 10). Under Federal Rule of Civil Procedure 12(b)(6), in considering a motion to dismiss, the Court must view the allegations in the light most favorable to the non-moving party and accept as true all of the factual allegations asserted.[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)

---

[2] Though Defendant does not explicitly cite Rule 12(b)(6) in his or her motion, the content of the motion indicates that Defendant seeks to dismiss this action on the basis that Plaintiff failed to state a cognizable claim for which relief should be granted.

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (*per curiam*).  To state a claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Indeed, although a pleading challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must provide the grounds for the entitlement to relief.  *Id.* at 555.  A "formulaic recitation of the elements of a cause of action" will not suffice.  *Id.*

Upon review of the complaint, Plaintiff alleged sufficient facts to establish a *prima facie* case that Defendant infringed upon Plaintiff's copyrighted works.  Here, Plaintiff's complaint asserts that its investigator connected to a computer identifiable by Defendant's IP address (Doc. 1).  By providing the IP address associated with the individual conducting the infringing activity, Plaintiff set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Plaintiff is not required to show that Defendant "probably" committed the alleged misconduct.  *Id.*  Rather, Plaintiff must only show "more than a sheer possibility that [Defendant] has acted unlawfully"— *i.e.*, Plaintiff must show "plausibility."  *See id.*  This Court, and the overwhelming majority of courts faced with this question, have found a defendant's IP address sufficient for purposes of stating a claim that can survive a Rule 12(b)(6) motion to dismiss.  *See, e.g., Malibu Media, LLC v. Benitez*, No. 8:13-cv-3209-T-27AEP, Doc. 26 (M.D. Fla. Aug. 7, 2014); *Malibu Media, LLC v. Roldan*, No. 8:13-cv-3007-T-30TBM, 2014 WL

3

3805494, at *2 (citing *Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3180(ER), 2013 WL 3732839, at *3-4 (S.D.N.Y. July 16, 2013) & *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2012 WL 6680387, at *3-4 (S.D. Fla. Dec. 21, 2012)); *Malibu Media, LLC v. Doe*, No. 8:14-cv-659-T-33EAJ, Doc. 16 (M.D. Fla. July 29, 2014), report and recommendation adopted at Doc. 19 (M.D. Fla. Aug. 27, 2014); see *Malibu Media, LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *3-4 (E.D. Mich. July 31, 2013). Thus, by providing the IP address associated with the infringing activity, Plaintiff alleged a sufficient connection between Defendant and the infringing activity such that no "questions of individual fairness and individual injustice" arise. Accordingly, dismissal is not warranted.

### B.     Motion to Quash Non-Party Subpoena

For the same reasons, Defendant also contends that the subpoena served upon his or her ISP should be quashed (Doc. 10). Pursuant to Rule 45, a Court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3). *See Indep. Mktg. Group., Inc. v. Keen*, No. 3:11-cv-447-J-25MCR, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012); *see also Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *1 (N.D. Ill. Mar. 24, 2014) (citations omitted).

Here, Defendant cited no valid basis under Rule 45(d)(3) to quash the subpoena served upon his or her ISP.  Furthermore, because Defendant is not the recipient of the subpoena, he or she would only have standing to challenge the subpoena if a "personal right or privilege" was at issue.  *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted).  In this instance, the Court granted Plaintiff leave to serve Defendant's ISP with a subpoena to obtain the name, address, telephone number, and e-mail address of Defendant (Doc. 9, at 2).  Regardless of Defendant's allegations, "'an individual has no protected privacy interest in [his or her] name, address, phone, number, e-mail address, or other Media Access Control address when there is an allegation of copyright infringement.'" *Malibu Media, LLC v. Doe*, No. 8:14-cv-659-T-33EAJ, Doc. 16, at 6 (M.D. Fla. July 29, 2014) (quoting *AF Holdings, LLC v. Does 1-162*, No. 11-23036-CIV, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012)), report and recommendation adopted at Doc. 19 (M.D. Fla. Aug. 27, 2014).  Given the foregoing, Defendant failed to provide an adequate basis to quash the subpoena.

### III.   Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendant's Motion to Quash or Modify Subpoena and Motion to Dismiss (Doc. 10) be DENIED.

IT IS SO REPORTED in Tampa, Florida, this 22nd day of January, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:   Hon. Charlene E. Honeywell
      Counsel of Record